```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/16/08
```

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
                                     |
VITAUTAS KILTINAVICHIOUS,            |
                                     |
              Petitioner,            |
                                     |   98 Cr. 737 (KMW)
     -against-                       |   08 Civ. 5640 (KMW)
                                     |        ORDER
                                     |
UNITED STATES OF AMERICA,            |
                                     |
              Respondent.            |
                                     |
-------------------------------------X
```

KIMBA M. WOOD, U.S.D.J.:

    Petitioner Vitautas Kiltinavichious ("Petitioner") (1) moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255; (2) requests an extension of ninety days to amend and modify his § 2255 submissions; (3) applies to proceed in forma pauperis; and (4) moves for discovery. Petitioner challenges his 2003 sentence to 188 months of imprisonment.

**I.  Motion to Vacate, Set Aside, or Correct the Sentence and Request for an Extension of Time**

    Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court orders the parties to brief Petitioner's motion in accordance with the schedule set forth below.

    Petitioner may file an amended motion to vacate, set aside, or correct his sentence no later than Friday, October 14, 2008. However, the Court cautions Petitioner that "[s]trict time limits govern motions for relief under Section 2255." Tellier v. United

1

States, No. 97 Civ. 8747, 2006 U.S. Dist. LEXIS 67357, at *2 (S.D.N.Y. Sept. 20, 2006). Petitioner's motion was timely filed within one year of the date on which his conviction became final,[1] but any new claims asserted in an amended motion will be timely filed only if such new claims relate back to the original claims under Federal Rule of Civil Procedure 15(c). New claims asserted in an amended motion relate back under Rule 15(c) only if the new claims and the original claims "are tied to a common core of operative facts." Mayle v. Felix, 545 U.S. 644, 664 (2005). New claims asserted in an amended motion will not relate back merely because the new claims arise out of the same "trial, conviction, or sentence" as the original claims. Id.

The Government shall file any opposition to Petitioner's motion no later than Friday, December 15, 2008. Petitioner shall file any reply to the Government's opposition no later than February 17, 2009.

---

[1] 28 U.S.C. § 2255(f) sets forth "[a] 1-year period of limitation." In Petitioner's case, this limitation period ran from "the date on which the judgment of conviction [became] final." 28 U.S.C. § 2255(f)(1). Petitioner's judgment of conviction became final when the United States Supreme Court denied his petition for a writ of certiorari on June 4, 2007, as set forth in Kiltinivichious v. United States, 127 S. Ct. 2921 (2007). See Clay v. United States, 537 U.S. 522, 527 (2003) ("Finality attaches when [the United States Supreme] Court . . . denies a petition for a writ of certiorari."). Because Petitioner's motion is dated June 2, 2008 and postmarked June 4, 2008, Petitioner must have delivered the motion to prison officials within the one-year limitations period. Therefore, under the "prison mailbox rule," Petitioner timely filed the motion to vacate, set aside, or correct his sentence. See Noble v. Kelly, 246 F.3d 93, 97-98 (2d Cir. 2001).

## II. Application to Proceed In Forma Pauperis

Pursuant to Standing Order No. M10-468 (S.D.N.Y. Jan. 10, 2000), an application to proceed in forma pauperis is not required for a § 2255 habeas petition filed by a pro se prisoner. Presumably unaware of this Standing Order, Petitioner applies to proceed in forma pauperis. Pursuant to 28 U.S.C. § 1915, the Court grants Petitioner's application to proceed in forma pauperis.

## III. Motion for Discovery

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). However, Rule 6(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, in relevant part, that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." Rule 6(b) requires that "[a] party requesting discovery must provide reasons for the request" and "must specify any requested documents." In a sworn affidavit, Petitioner requests specific documents and sets forth the reasons for his request.

The Court orders the Government to respond to Petitioner's motion for discovery in its December 15, 2008 opposition brief.

If the Government does not oppose the production of certain requested documents, it shall attach those documents to its brief. If the Government opposes the production of certain requested documents, it shall set forth its opposition in the brief. Petitioner may then reply to the Government's opposition in his February 17, 2009 reply brief. With the benefit of full briefing, the Court will then determine if Petitioner has shown good cause under Rule 6(a) to conduct discovery.

        SO ORDERED.

Dated:    New York, New York
            July 15, 2008

                                              _/s/ Kimba M. Wood_
                                              Kimba M. Wood
                                          United States District Judge